**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Criminal Action Number** |
| | ) | **15-00301-01-CR-W-GAF** |
| Lashone Gates, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER DENYING MOTION TO STRIKE SURPLUSAGE

Pending before the Court is the MOTION TO STRIKE SURPLUSAGE, filed February 15, 2016 [Doc. 30] by defendant Lashone Gates ("Gates"). In his motion, Gates seeks to strike the reference to Missouri Revised Statutes § 567.070 from the indictment.

### I. Factual Background

The Government alleges that, on January 29, 2014, Gates responded to the advertisement for an "escort" on "Backpage.com" that the Kansas City Police Department Vice Unit had placed to facilitate an undercover prostitution sting it was conducting that day. Obviously unaware of the sting, Gates allegedly participated in a recorded text conversation with the undercover phone number, discussing such topics as the underage status (15 years old) of the "escort" and how Gates could act as a pimp for her. During the course of the text exchanges, Gates and the undercover "escort" agreed to meet in room 201 of the Sleep Inn located at 7611 N. W. 97th Terrace, Kansas City, Missouri. When Gates entered room 201, he was arrested by Kansas City Police Department Vice Unit officers.

On September 10, 2015, the Grand Jury returned an indictment charging Gates with violating Title 18 U.S.C. §2422(b). Specifically, the indictment charges:

On or about January 29, 2014, in the Western District of Missouri, and elsewhere, Lashone Gates, knowingly used a facility of interstate commerce to attempt to persuade, induce, entice, or coerce an individual who he believed was a female who had not attained the age of 18 years, to engage in prostitution and any unlawful sexual activity for which a person could be charged with a criminal offense, that is, the following crime proscribed by the statutes of the state of Missouri: promoting prostitution in the third degree (Mo. Revised Statutes 567.070).

Gates argues that the reference to the Missouri statute 567.070 should be struck as surplusage. Gates contends that because the conduct proscribed by RSMo 567.070 (promoting prostitution) is the same conduct pled earlier in Count One, the reference to the Missouri statute is redundant and should be stricken from the indictment. The Court does not agree.

## II. Discussion

A court may strike surplusage from an indictment or information. Fed.R. Crim. P 7(d). "A motion to strike surplusage from an indictment is a matter within the discretion of the district court." *United States v. DeRosier*, 501 F.3d 888, 897 (8th Cir. 2007). However, this Circuit "has cautioned that such a motion 'should be granted only where it is clear [that] the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter.'" *DeRosier*, 501 F.3d at 897 (quoting *Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962)).

Title 18 U.S.C. § 2422(b) provides in part:

Whoever, using...any means of interstate...commerce...knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

The language in Section 2422(b) sets forth two ways to engage in criminal activity; either

      (1)        persuading, inducing, enticing or coercing someone under the age of 18 to engage in prostitution, <u>or</u>

      (2)        persuading, inducing, enticing, or coercing someone under the age of 18 to engage in <u>any</u> sexual activity for which any person can be charged with a criminal offense.

"Where a statute specifies two or more ways in which an offense may be committed, [],

all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the

acts conjunctively charged may establish guilt." *United States v. Mohr*, 728 F.2d 1132 (8th Cir.

1984), cert. denied, 469 U.S. 843 (1984).  Charging in the conjunctive, the indictment charged

Gates with both ways of committing the offense proscribed by Section 2422(b).  The reference

in the indictment to RSMo 567.070 in the second way to violate Section 2422(b) explains the

precise criminal offense (promoting prostitution) with which any person could be charged by

engaging in the sexual activity in which Gates allegedly persuaded, induced, enticed, or coerced

someone under the age of 18 to engage.

### III.  Conclusion

The Court finds the reference in the indictment to RSMo 567.070 to be relevant to the

charge set forth in Count One and further finds the language neither inflammatory nor

prejudicial to Gates.  Accordingly, it is

     **ORDERED** that the MOTION TO STRIKE SURPLUSAGE, filed February 15, 2016 [Doc. 30]

by defendant Lashone Gates is **DENIED**.


                                          */s/ John T. Maughmer*
                                        **John T. Maughmer**
                            **United States Magistrate Judge**

Case 4:15-cr-00301-GAF   Document 47   Filed 05/18/16   Page 3 of 3